United States District Court
Southern District of Texas
**ENTERED**
February 24, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DIONISIO BALDERAS MORENO, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-00037 |
| | § | |
| MCGUFFIN, *et al*, | § | |
| | § | |
| Defendants. | § | |

### ORDER GRANTING VOLUNTARY DISMISSAL OF
### PLAINTIFF'S CASE AND ORDER VACATING
### <u>INITIAL PARTIAL FILING FEE AND COLLECTION ORDER</u>

Plaintiff, an inmate in the custody of the Texas Department of Criminal Justice – Criminal Institutions Division (DTDCJ-CID), filed this *pro se* civil rights complaint on February 5, 2016. Plaintiff alleges his buttocks and groin area were touched over his clothing during a routine pat down when he was going from his housing area to TDCJ recreation on September 24, 2015. Plaintiff's primary complaint is that he received a TDCJ disciplinary case and a resulting loss of good time and line status for assaulting an officer when he pushed the officer's hands away during the search. Plaintiff filed, and the Court granted, his application to proceed *in forma pauperis* (D.E. 2, 6). The Court further ordered collection of the filing fee pursuant to the Prison Litigation Reform Act (PLRA). (D.E. 6).

The Court held a *Spears*[1] hearing on February 24, 2016, where Plaintiff appeared in person and explained the basis of his action to the undersigned Magistrate Judge. At the hearing the undersigned explained the previously imposed collection order requiring Plaintiff to pay the $350 filing fee over time from deposits into his inmate account. *See* 28 U.S.C. § 1915(b)(1). The undersigned also explained that Plaintiff's civil rights claims would likely be dismissed because he had not yet successfully challenged his disciplinary case in a habeas proceeding. *See Heck v. Humphrey*, 512 U.S. 477 (1994).

The Plaintiff voluntarily moved to dismiss his case so that he could pursue a habeas action before pursuing this civil rights action. Because Plaintiff did so at the very early stages of his case, the undersigned finds that vacating the collection order is appropriate. Therefore, it is ORDERED that:

1. Plaintiff's civil rights action is **DISMISSED without prejudice**.

2. The collection order entered on February 8, 2016, ordering TDCJ to collect the filing fee from Plaintiff's inmate account (D.E. 6) is **VACATED.**

3. The institution having custody of Plaintiff shall cease the collection of the filing fee in this case.

4. The Clerk of Court will send a copy of this Order by certified or first class mail or by other electronic means to TDCJ–Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711.

ORDERED this 24th day of February, 2016.

_Jason Libby_
Jason B. Libby
United States Magistrate Judge

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985*)*.