United States District Court
Southern District of Texas
**ENTERED**
July 19, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DIONISIO BALDERAS MORENO, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-37 |
| | § | |
| MCGUFFIN, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS CASE WITH PREJUDICE

Plaintiff Dionisio Balderas Moreno is a Texas inmate appearing *pro se* who filed this civil rights action pursuant to 42 U.S.C. § 1983.   Plaintiff alleges his rights were violated when he was subjected to a routine pat down search in which he was patted down over his prison clothes.   He further disputes the subsequent prison discipline he received for resisting the search.   Under the Prison Litigation Reform Act any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.   *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A.   Plaintiff's action is subject to screening regardless of whether he prepays the entire filing fee or proceeds as a pauper.   *Ruiz v. United States,* 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam), *cert. denied*, 527 U.S. 1041 (1999).   Plaintiff's *pro se* complaint must be read indulgently, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and his allegations must be

accepted as true, unless they are clearly irrational or wholly incredible, *Denton v. Hernandez,* 504 U.S. 25, 33 (1992).

Applying these standards, it is respectfully recommended that Plaintiff's claims be dismissed with prejudice for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) and that the Court enter final judgment.  It is further recommended that the dismissal be counted as a "strike" for purposes of 28 U.S.C. § 1915(g).

## I.   JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.  This case has been referred to the undersigned United States Magistrate Judge for pretrial management and furnishing the District Court with a memorandum and recommendation on all dispositive motions pursuant to 28 U.S.C. § 636 and Special Order C-2015-1.

## II.   PROCEDURAL BACKGROUND

On January 28, 2016, the Plaintiff filed the instant civil rights action naming the following TDCJ employees as defendants: (1) Officer McGuffin; (2) Captain J. Gonzalez; (3) Officer Michell Galvan; (4) Ms. Saenz; and (5) Officer Michael E. Alsobrook.  (D.E. 1, p. 3).[1]  On February 8, 2016, the undersigned granted Plaintiff's motion to proceed *in forma pauperis* and entered a collection order for Plaintiff to pay the

---

[1] Under the prison mailbox rule, an action under 42 U.S.C. § 1983 is deemed filed when the prisoner delivers the pleadings to prison authorities for mailing to the court. *Cooper v. Brookshire,* 70 F.3d 377, 379 (5th Cir.1995).  The complaint is written in Spanish.  A translation is available at docket entry 1-1.

$350 filing fee. (D.E. 6).  The collection order advised Plaintiff of the screening process and that his case may be dismissed if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. (D.E. 6, p. 4).  A *Spears*[2] hearing was conducted on February 24, 2016. During the *Spears* hearing the Plaintiff was again advised of his having to pay the $350.00 filing fee even if his case was dismissed upon screening.  Plaintiff was further advised of the necessity to successfully challenge the prison disciplinary case before raising those claims in a civil rights action.[3]  Plaintiff indicated a desire to dismiss his case without prejudice to avoid paying the $350 filing fee at this stage.  The undersigned granted Plaintiff's oral motion to voluntarily dismiss his case without prejudice and vacated the collection order.  (D.E. 9).

On March 9, 2016, the Court received the Defendant's "Objection to Magistrate's Decision and Motion For Leave to Amend"  wherein Plaintiff requested that his case not be dismissed.  (D.E. 10).  The undersigned vacated the voluntary dismissal of Plaintiff's action, re-instated his case and the collection order, and granted Plaintiff leave to file an amended complaint on or before April 8, 2016.  (D.E. 11).  Plaintiff subsequently filed a separate action raising the same claims.  *See Moreno v. McGuffin*, No. 2:16-cv-86 (S.D.

---

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985*); see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

[3] A civil rights lawsuit concerning a prison disciplinary conviction may not proceed (if a favorable judgment would necessarily imply the invalidity of the prisoner's conviction in the disciplinary proceeding) until the relevant conviction has been reversed, expunged, or otherwise declared invalid if a favorable judgment would necessarily imply the invalidity of the prisoner's conviction in the disciplinary proceeding. *Edwards v. Balisok,* 520 U.S. 641, 648 (1997); *Clarke v. Stalder,* 154 F.3d 186, 189 (5th Cir. 1998), *cert. denied,* 525 U.S. 1151 (1999).

Tex. filed Mar. 9, 2016).[4]  Both cases have been consolidated in the instant action.  (D.E. 13).  Plaintiff has not filed an amended complaint.  However, he has filed a memorandum in support of his complaint.  (D.E. 18).

### III.    FACTS AND PLAINTIFF'S ALLEGATIONS

The following allegations were made in Plaintiff's complaint (D.E. 1), in his memorandum in support (D.E. 18), or at the *Spears* hearing.  In September 2015, Plaintiff was housed at the TDCJ McConnell Unit in Beeville, Texas.  On September 24, 2015, at approximately 12:30 p.m., Plaintiff was going from his housing area to the recreation area as part of a routine movement of inmates.   The movement included each inmate being subject to a pat-down search before entering the recreation yard.  The pat-down searches were conducted in the open and in view of other inmates and prison staff.  Prior to entering the recreation area, Plaintiff was searched by Officer McGuffin.  This search was a limited pat down of Plaintiff's body over Plaintiff's prison clothing.   Plaintiff states that Officer McGuffin felt Plaintiff's buttocks.   Plaintiff testified that officers would not usually feel his buttocks during a pat down and that he was offended by the touching, which he considered a sexual assault.   Plaintiff alleges other inmates were subjected to the same type of search.  Plaintiff attempted to cover his "private parts," pulled away, and there was a "clash of hands."   Officer Galvan was reportedly in charge of recreation on the day of the incident.  Plaintiff alleges he sought Officer Galvan's

---

[4] In Cause No. 2:16-cv-86 Plaintiff only names Officer A. McGuffin and Captain J. Gonzales as defendants.  For purposes of  this recommendation, all of Plaintiff's claims against each of the defendants in both cases are addressed.

assistance in filing a grievance against Officer McGuffin; however, Officer Galvan did not assist Plaintiff as requested.

Plaintiff was then charged with a prison disciplinary case for assaulting Officer McGuffin.  On October 8, 2015, a disciplinary hearing was held in Disciplinary Case No. 20160032523.  Plaintiff had the assistance of counsel substitute Ms. Saenz.[5]  Captain Gonzalez presided as the disciplinary hearing officer (DHO) and reportedly told Plaintiff that correctional officers have the authority to touch offenders' genitals during a search. Captain Gonzalez found Plaintiff guilty as charged.  Plaintiff was assessed a loss of 180 days good time, loss of visitation, and a reduction of his line class.   Plaintiff filed a Step 1 appeal of his disciplinary conviction and it was affirmed by Warden Furr on November 3, 2015.  It is unclear if Plaintiff filed a Step 2 appeal.

In the instant action, Plaintiff alleges Officer McGuffin sexually assaulted him by touching his buttocks during the pat-down search.  Plaintiff alleges disciplinary hearing officer Gonzalez violated Plaintiff's rights when Officer Gonzales determined that TDCJ correctional officers have the authorization to touch inmate genitals during routine pat-down searches.  He alleges Officer Galvan did not assist Plaintiff with his efforts to file a grievance against Officer McGuffin.  Plaintiff alleges counsel substitute Ms. Saenz met with him prior to the disciplinary hearing, but did not attend the hearing and therefore

---

[5] A counsel substitute is a TDCJ staff member trained to assist inmates during the disciplinary process.

provided ineffective assistance of counsel.[6]   Finally, Plaintiff alleges Major Alsobrook participated in a Unit Classification Committee and that Major Alsobrook "took away" his good time-earning line classification as a result of the disciplinary case.

## IV.   LEGAL STANDARD

A prisoner complaint filed *in forma pauperis* that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.   *Neitzke v. Williams,* 490 U.S. 319, 328 (1989).   Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an *in forma pauperis* claim should be dismissed. *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990) (discussing authority to dismiss at any time under prior § 1915(d)).   Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing. *See* 28 U.S.C. § 1915A(a).   Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry. *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).   Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."   *Neitzke,* 490 U.S. at 327.

Regardless of whether a plaintiff has properly exhausted his administrative remedies, his action may be dismissed for failure to state a claim upon which relief can

---

[6] Plaintiff testified at the *Spears* hearing that he no longer wished to pursue his claims against Officer Galvan or counsel substitute Ms. Saenz.  However, in light of Plaintiff's objection to the case being dismissed (D.E. 10), for purposes of this memorandum and recommendation it is assumed Plaintiff is pursuing these claims.

be granted.  42 U.S.C. § 1997e(c)(2).  "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988); *see also Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995).  An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief.  *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002).  A complaint is frivolous if it lacks an arguable basis in law or fact, and a complaint lacks such a basis if it relies on an indisputably meritless legal theory.  *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999).  The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed.  *Id.*

## V.   DISCUSSION

### A.   Eleventh Amendment bars official capacity claims.

Plaintiff did not indicate whether he is suing defendants in their official or individual capacities, so it is assumed he is suing them in both.

A suit against a state officer in his or her official capacity is effectively a suit against that state official's office.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  The Eleventh Amendment, however, bars claims for money damages against a state or state agency.  *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Aguilar v. Texas Dep't of Criminal Justice,* 160 F.3d 1052, 1054 (5th Cir. 1998).  As such, an action for monetary damages against a state official in his or her official capacity

is one against the state itself, and is barred by the Eleventh Amendment.  *See Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985).  The Fifth Circuit has specifically extended the Eleventh Amendment immunity to TDCJ-CID officers and officials acting in their official capacities.  *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) (Eleventh Amendment bars prisoner's suit for money damages against prison officials in their official capacities).

Thus, to the extent Plaintiff is suing defendants in their official capacities for money damages, those claims are barred by the Eleventh Amendment.  Accordingly, it is respectfully recommended that the Court dismiss those claims with prejudice as barred by the Eleventh Amendment.

**B.    Plaintiff's claim against Officer McGuffin for touching Plaintiff's buttocks and/or genitals during a pat-down search.**

Plaintiff alleges Officer McGuffin sexually assaulted him by fondling his buttocks and genitals during a routine pat-down search. The Fifth Circuit has recognized that prisoners have a constitutional right to bodily privacy, but this right is "minimal at best." *Tuft v. Texas,* 410 Fed.Appx. 770, 776 (5th Cir. 2011), *citing Oliver v. Scott,* 276 F.3d 736, 745 (5th Cir. 2002). As such, prisoners lose "those rights that are necessarily sacrificed to legitimate penological needs." *Tufts,* 410 Fed.Appx. at 776, *citing Elliott v. Lynn,* 38 F.3d 188, 190–91 (5th Cir. 1994).  However, sexual abuse of a prisoner by prison officials may violate the prisoner's right to be free of cruel and unusual punishment under the Eighth Amendment. *See Boddie v. Schnieder,* 105 F.3d 857, 860–61 (2d Cir. 1997).

Sexual assault violates the Eighth Amendment only if it meets a two-part test consisting of an objective element and a subjective element. First, the sexual abuse or assault must be objectively, sufficiently serious; second, the prison officials involved must have a sufficiently culpable state of mind. *See Boddie,* 105 F.3d at 861. Not every incident of sexual abuse will meet this test. *See, e.g., Berryhill v. Schriro,* 137 F.3d 1073, 1076-77 (8th Cir. 1998) (touching of inmate's buttocks by prison employees, though inappropriate does not violate the Eighth Amendment); *Nelson v. Michalko,* 35 F.Supp.2d 289, 293 (W.D.N.Y. 1999) (use of hand-held metal detector to touch inmate's anal area during lawful frisk did not violate Eighth Amendment); *Cooper v. Caddo Correctional Ctr.,* No. 06–0009–P, 2007 WL 471185, at *3 (W.D. La. Jan. 11, 2007) (prison guard's touching of inmate's buttocks and demanding additional exposure of genital area did not constitute an Eighth Amendment claim). The sexual abuse must be "severe or repetitive" to rise to the level of an Eighth Amendment violation. *See Boddie,* 105 F.3d at 861.  Further, in the context of a claim under the 8th Amendment, the injury must be more than *de minimis.  Hudson v. McMillian,* 503 U.S. 1, 10 (1992).

 The routine pat-down of Plaintiff, an inmate in the custody of the TDCJ, over his clothing, is not sufficiently serious to constitute sexual abuse under the Eighth Amendment.  Accepting Plaintiff's version of the facts as true for purposes of this recommendation, the pat-down search of Plaintiff  was minimally invasive and served the legitimate penological interest of locating weapons and contraband and providing for the safety of other inmates and prison personnel. The duration of the pat-down search was minimal and, according to Plaintiff, only lasted a matter of seconds. There is no

allegation the search was accompanied by lude, inappropriate or sexually suggestive comments by Officer McGuffin.  Further, an injury suffered by Plaintiff was *de minimis*, and does not support a section 1983 claim.  *Hudson,* 503 U.S. at 10.

The screening process of 28 U.S.C. §§ 1915(e)(2), 1915A serves the legitimate purposes of efficiently disposing of frivolous claims, judicial economy, and not subjecting correctional officers to frivolous litigation.  Plaintiff's claim against Officer McGuffin is frivolous and fails to state a claim upon which relief may be granted and it is, therefore, recommended this claim be dismissed with prejudice.

### C.  Plaintiff's claim against Officer Gonzales for his role as the hearing officer in the TDCJ disciplinary case against Plaintiff.

Captain J. Gonzalez is alleged to have been the TDCJ official who presided over Plaintiff's disciplinary hearing where Plaintiff was found to have assaulted Officer McGuffin.  Plaintiff was assessed a loss of 180 days good time, loss of visitation privileges, and a reduction of his line class as a disciplinary sanction.  Plaintiff alleges Officer Gonzales stated during the disciplinary hearing that TDCJ officers have authorization to touch inmate genitals.  Construing Plaintiff's complaint and also his testimony at the *Spears* hearing liberally, it appears Plaintiff is attempting to raise a claim challenging the result and fairness of the disciplinary hearing.  In the context of prison disciplinary proceedings, a prisoner's rights, if any, are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolf v. McDonnell*, 418 U.S. 539, 557 (1974). Prisoners charged with institutional rule violations are entitled to rights under the Due Process Clause only when the disciplinary action may

result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 486 (1995).  In *Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000) the Fifth Circuit noted the distinction between line class or time-earning status and already-earned good time credits, and held that time-earning status is not a constitutionally protected liberty interest.  *See also Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (loss of the opportunity to earn good-time credits is not a constitutionally protected liberty interest).

Further, Plaintiff fails to allege Captain Gonzalez has done anything improper in relation to Plaintiff's case.  Captain Gonzalez's only involvement in the case is having presided over Plaintiff's disciplinary case.   Even if Plaintiff's complaint is liberally construed to allege a claim that Captain Gonzales did not follow TDCJ prison discipline guidelines in conducting the hearing, Plaintiff still has failed to state a claim for which relief can be granted.  *Myers v. Klevenhagen,* 97 F.3d 91, 94 (5th Cir. 1996) (determining, in the context of a § 1983 action, that "a prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met").

Plaintiff did not raise the issue of his loss of good time in his pleadings or at the *Spears* hearing.  However, if Plaintiff's complaint is construed to raise a claim relating to the loss of good time, the undersigned recommends this claim also be dismissed.  In *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973), the Supreme Court addressed the distinction between prisoner constitutional claims arising under 42 U.S.C. § 1983 and those arising under 28 U.S.C. § 2254, and set forth the undisputed proposition that a state

prisoner may not use section 1983 "to challeng[e] his underlying conviction and sentence on federal constitutional grounds." *Id*.  A claim seeking the "immediate release from [physical] confinement or the shortening of its duration" also cannot be brought under section 1983. *Id.*

Thereafter, in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Court addressed section 1983 actions seeking damages based on claims of unconstitutional confinement, and concluded that a complaint must be dismissed where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence."

The holding in *Heck* has been applied to section 1983 actions involving challenges to prisoner disciplinary proceedings.  Section 1983 challenges to prison disciplinary proceedings may not proceed until the relevant conviction has been reversed, expunged, or otherwise declared invalid if a favorable judgment would necessarily imply the invalidity of the prisoner's conviction in the disciplinary proceeding.  *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998), *cert. denied*, 525 U.S. 1151, (1999).

 In the instant action, despite Plaintiff's characterization of his claims as arising under section 1983, his allegations are premised on his claim that he was wrongfully found guilty of a disciplinary offense.  If Plaintiff were to prevail on his claims, he would necessarily be entitled to a speedier release because his 180 days good time would be restored. Thus, Plaintiff's claims are not cognizable under § 1983 at this time and must be raised, if at all, in a federal habeas corpus action.  *Preiser*, 411 U.S. at 489.

Therefore, Plaintiff fails to state a claim against Captain Gonzalez and it is respectfully recommended this claim be dismissed with prejudice.

### D.      Plaintiff's claim against Officer Galvan for not assisting Plaintiff with his grievance against Officer McGuffin.

Plaintiff contends Officer Galvan failed to assist him in filing a grievance against Officer McGuffin.  However, even if true, this allegation fails to state a cognizable constitutional claim because Plaintiff does not have a constitutional right to have his grievances investigated. The Supreme Court has held that a prisoner "has a liberty interest only in freedom from restraint ...  imposing atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. The Fifth Circuit has relied on *Sandin* to find that a prisoner has no federally protected liberty interest in having his prison grievances investigated or answered favorably. *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) (prisoners do not have a federally protected liberty interest in having grievances investigated, let alone resolved in their favor).  *See also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) ("[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by the state.").   Therefore, the undersigned recommends Plaintiff's claim against Officer Galvan be dismissed.

### E.   Plaintiff's claim against counsel substitute Ms. Saenz for ineffective assistance of counsel during the disciplinary case against Plaintiff.

Ms. Saenz, a TDCJ employee, was detailed to assist Plaintiff with his disciplinary case wherein Plaintiff was found to have assaulted Officer McGuffin.  Plaintiff alleges he met with Ms. Saenz before the disciplinary hearing, but she did not appear at the hearing. Plaintiff's claim against Ms. Saenz is that she failed to assist Plaintiff in the disciplinary case and that this lack of assistance amounted to the ineffective assistance of substitute counsel.  Plaintiff's claim is without merit. There is no right to counsel at a prison disciplinary hearing. *Baxter v. Palmigiano,* 425 U.S. 308, 315 (1976). Thus, a claim of ineffective assistance of substitute counsel is not of constitutional magnitude. *See Wainwright v. Torna,* 455 U.S. 586, 587-88 (1982) ("Since respondent had no constitutional right to counsel, he could not be deprived of the effective assistance of counsel").  Further, for purposes of § 1983, Ms. Saenz is not a state actor. *See Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995) (counsel substitute does not act under the color of state law for purposes of § 1983).   Therefore, the undersigned recommends dismissal of Plaintiff's claim against counsel substitute Ms. Saenz.

### F.   Plaintiff's claim against Major Alsobrook for the reduction in Plaintiff's line classification.

Major Alsobrook is alleged to have presided over Plaintiff's Unit Classification Committee, a proceeding involving the reduction of Plaintiff's line class.  The reduction in line class, again, was the result of the disciplinary hearing against Plaintiff.  As stated above, the reduction of a prisoner's line class is not a constitutionally protected interest and therefore does not present a cognizable section 1983 claim.  *Malchi*, 211 F.3d at 959;

*Luken*, 71 F.3d at 193. Further, Plaintiff does not allege that Major Alsobrook did anything improper or anything that would otherwise have violated Plaintiff's rights. Plaintiff has failed to state a cognizable claim against Major Alsobrook and it is recommended that this claim be dismissed.

## VI.  RECOMMENDATION.

Plaintiffs' allegations, taken as true and in the light most favorable to him, fail to state cognizable constitutional violations under 42 U.S.C. § 1983.  Thus, it is respectfully recommended that this action be dismissed with prejudice for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. § § 1915(e)(2) and 1915A(b)(1).  It is further recommended Plaintiff not be provided further opportunity to amend his pleadings because the undersigned has considered Plaintiff's testimony at the *Spears* hearing where Plaintiff explained the basis of his lawsuit in his own words and in detail.  Further, Plaintiff has been given the opportunity to amend his complaint and has not done so, although the undersigned has also considered Plaintiff's supplemental memorandum. (D.E. 11, 18).  It is further respectfully recommended that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g) against this Plaintiff, and should this recommendation be adopted, that a PDF version of this recommendation and Order adopting it be sent via email to Lori Stover, Judicial Assistant to U.S. District Judge Richard A. Schell, at Lori Stover/TXED/05/USCOURTS.

Respectfully submitted this 19th day of July, 2016.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).